UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Michael Grant,                                                        No. 03-CV-0539 (FJS/RFT)

            Plaintiff,

v.                                                                    **MEMORANDUM AND ORDER**

Barbara Ahern, Probation Officer for
Onondaga County; Frank Headley,
Program Assessor for New York State
Department of Correctional Services;

            Defendants.

---

This matter is before the Court[1] on Defendants' Motions to Dismiss. For the reasons that follow, Defendant Barbara Ahern's Motion is granted and Defendant Frank Headley's Motion is granted in part and denied in part.

**BACKGROUND**

**A.   Procedural Posture**

Plaintiff submitted an Amended Complaint on May 14, 2003. (Clerk Doc. No. 6.) On March 23, 2004, the Court dismissed in part the Amended Complaint and ordered Plaintiff to file a Second Amended Complaint. (Id. No. 45.) The Court also ordered that the Second Amended Complaint substitute Defendant Frank Headley in place of an unnamed defendant.

---

[1] This case was originally assigned to the Honorable Frederick J. Scullin, Jr.. Pursuant to an inter-circuit assignment under 28 U.S.C. § 294(d), the undersigned is now the Judge of record in this case.

The Court further limited the Second Amended Complaint to Defendants Barbara Ahern and Frank Headley and insisted that Plaintiff provide information regarding the exhaustion of administrative remedies. (Id.) Plaintiff filed his Second Amended Complaint[1] on April 12, 2004. (Id. No. 46.)

Presently before the Court are Defendant Ahern's Motion to Dismiss the Second Amended Complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and Defendant Headley's Motion to Dismiss the Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed a response opposing both Motions to Dismiss, as well as a Motion for the Appointment of Counsel.

**B.    Facts**

In late 1999, while Plaintiff was incarcerated at the Onondaga County Justice Center, Defendant Ahern, an investigator for the Onondaga County Probation Department, interviewed him for the purpose of preparing his Presentence Investigation Report ("PSR"). (Second Am. Compl. ¶¶ 11, 12.) During the interview, Defendant Ahern noticed documents pertaining to two previously dismissed charges against Plaintiff. (Id. ¶¶ 10, 13.) Defendant Ahern questioned Plaintiff about the dismissed charges but Plaintiff refused to discuss them with her. (Id. ¶ 13.) Defendant Ahern included information about the dismissed charges in Plaintiff's PSR. (Id. ¶ 14.)

On January 3, 2000, Plaintiff applied for a work release program. (Id. ¶ 16.) His

---

[1] Plaintiff has titled the April 12, 2004 pleading as "Plaintiff's Third Amended Complaint." However, the Court will refer to the pleading as "Plaintiff's Second Amended Complaint."

request was denied. Plaintiff claims that the denial of his work release was "based upon the inaccurate, misleading, and false information contained in the presentence report – information that pertained to the dismissed charges." (Id. ¶ 17.)

In October 2000, Defendant Frank Headley, a New York State Department of Corrections Program Assessor, advised Plaintiff that he was to be placed in a sex offender program based on information in his PSR that pertained to the dismissed charges. (Id. ¶ 25.) While in the sex offender program, Plaintiff claims he was subjected to verbal abuse by fellow inmates and Department of Corrections staff. (Id. ¶¶ 27-28.) Plaintiff claims he was subsequently denied parole twice based on "false, misleading, and inaccurate information that pertained to the dismissed charges." (Id. ¶¶ 32, 42.) Plaintiff also claims that he suffered undeserved stigma when Defendant Headley informed his family that he was being denied parole on the basis of his sex offender status. (Id. ¶¶ 46-50.)

Over the course of these events, Plaintiff repeatedly wrote letters to both Defendants requesting that they investigate and remove any errors contained in his PSR. (Id. ¶¶ 18, 21, 33, 36, 39, 43.) Neither Defendant replied to Plaintiff's requests. (Id. ¶¶ 20, 22, 34, 37, 40, 44.)

Plaintiff alleges that his due process rights were violated when (1) Defendant Ahern deliberately included false information in his PSR, and (2) Defendant Headley, who knew the information was false, failed to correct the information, relied upon it in making program decisions, and informed Plaintiff's family members of his sex offender status. (Id. ¶¶ 52-53, 57-58.)

**DISCUSSION**

## A.     Standard of Review

The same standards are employed in analyzing a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(c).  Juster Ass'n v. Rutland, 901 F.2d 266, 269 (2d Cir. 1990); Ad-Hoc Comm. of the Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch Coll., 835 F.2d 980, 982 (2d Cir. 1987).  These standards do not require the Court to weigh the evidence that might be presented at trial, but instead determine the legal sufficiency of the Second Amended Complaint.  Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984) ("The function of a motion to dismiss 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'") (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)).

When ruling on a motion to dismiss pursuant to Rule 12(b)(6) or Rule 12(c), the Court is required to accept the material facts alleged in the complaint as true.  Patel v. Searles, 305 F.3d 130, 134-35 (2d Cir. 2002); Frasier v. Gen. Elec. Co., 930 F.2d 1004, 1007 (2d Cir. 1991) (citing Cooper v. Pate, 378 U.S 546, 546 (1964)).  Furthermore, the Court may not grant a motion to dismiss  "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir. 1994) (quoting Conley v. Gibson, 335 U.S. 41, 45-46 (1957)).

In cases involving pro se litigants, great liberality is used in construing the complaint. Platsky v. C.I.A., 953 F.2d 26, 28 (2d Cir. 1991).  "[T]he Supreme Court has instructed the district courts to construe pro se complaints liberally and to apply a more flexible standard in

4

determining the sufficiency of a pro se complaint than they would in reviewing a pleading submitted by counsel." Id.; see also Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, although the pleading standard is a liberal one, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).

**B.      Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act ("PLRA") states that "no action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. " 42 U.S.C.A. § 1997e(a). To comply with the PLRA's exhaustion requirement, inmates incarcerated in New York must: (1) make a grievance to the Inmate Grievance Resolution Committee ("IGRC"); (2) appeal to the Superintendent; and (3) appeal to the Central Office Review Committee ("CORC"). N.Y. Comp. Codes R. & Regs. 7, § 701.7(a)-(c) (2000).

Defendants baldly assert that "Plaintiff has not alleged in his complaint that he has exhausted his administrative remedies, nor will he be able to so." (Def. Headley's Mem. at 7.) However, under Rule 12(b)(6), "the failure to exhaust one's remedies under the PLRA does not amount to a failure to state a claim." Barney v. Bureau of Prisons, File No. 02-5284, 2004 WL 2810108, at *1 (E.D.N.Y. Dec. 8, 2004). Thus, the Court should refrain from dismissing a complaint under Rule 12(b)(6) unless "failure to exhaust is apparent from the face of the complaint." Id. (quoting McCoy v. Goord, 255 F. Supp. 2d 233, 249 (S.D.N.Y. 2003)).

The Court ordered Plaintiff to submit a Second Amended Complaint that specifically identified the steps Plaintiff utilized to exhaust his administrative remedies. The Second

5

Amended Complaint alleges that Plaintiff wrote numerous letters to Defendants regarding his claims, but received no response. (See Second Am. Compl. ¶¶ 18-22, 33-37, 39-40, 43-44.) The Second Amended Complaint also alleges that Plaintiff "filed collateral attacks." (Id. ¶ 24.) Taking these allegations as true, as the Court must do on a Motion to Dismiss, the Court cannot conclude that failure to exhaust is apparent on the face of the Second Amended Complaint.

**C.     Defendant Ahern**

State probation officers, like judges, are entitled to absolute immunity from suit for damages when they serve a quasi-adjudicative function in preparing presentence reports. Hili v. Sciarrotta, 140 F.3d 210, 214 (2d Cir. 1998); see also Dorman v. Higgins, 821 F.2d 133, 137 (2d Cir. 1987) (holding that federal probation officers are entitled to absolute immunity when preparing presentence reports). This immunity extends even when a claimant contends that inaccurate information has been included in the presentence report. Hili, 140 F.3d at 213-15. New York law provides a number of procedural mechanisms that protect a defendant's right not to be punished on the basis of inaccurate information in a presentence report, including disclosure of the report to the defendant, presentence conferences, appeals, and collateral attacks. See N.Y. Crim. Proc. Law §§ 390.50(2)(a), 400.10(1), 440.20, 450.10(2). Coupling safeguards such as these with absolute immunity allows state officers to perform their duties free from the fear and intimidation of civil suits without sacrificing a defendant's rights. See Dorman, 821 F.2d at 136-37; see also Shelton v. McCarthy, 699 F. Supp. 412, 413 (W.D.N.Y. 1988).

Defendant Ahern's preparation of the PSR falls squarely within the protection afforded

by absolute immunity. Even a claim that Defendant Ahern deliberately included false and misleading information in the PSR fails because absolute immunity spares an official any scrutiny of her motives in the performance of her duties. Dorman, 821 F.2d at 139. And even without the protection of absolute immunity, Plaintiff's claims against Defendant Ahern nevertheless fail because of the wide discretion given to preparers of presentence reports in the range of material allowed to be contained within those reports. See Hili, 140 F.3d at 213 ("Such investigation may also include any other matter which the agency conducting the investigation deems relevant to the question of the sentence")(quoting N.Y. Crim. Proc. Law § 390.30(1)). New York state courts have explicitly recognized that the scope of presentence reports includes information about offenses for which a defendant has not been convicted. See, e.g., People v. Whalen, 472 N.Y.S.2d 784, 787 (N.Y. App. Div. 1984) ("A presentence report . . . may include history not only of prior offenses for which defendant has been convicted, but even offenses for which he has not been convicted"). Thus, Plaintiff's claims for monetary damages against Defendant Ahern are dismissed on the basis of absolute immunity.[2]

Absolute immunity only protects against suit for monetary damages. See Hili, 140 F.3d

---

[2] Moreover, the statute of limitations bars Plaintiff's claim against Defendant Ahern. In New York, a prisoner must bring his § 1983 action within three years of when the cause of action accrues. N.Y.C.P. L.R. § 214(5); Harris v. City of New York, 186 F.3d 243, 247-48 (2d Cir. 1999). The cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of his action. See Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980). Plaintiff's Complaint was filed on April 30, 2003, but he complains that the PSR was erroneous in January 2000. Thus, Plaintiff's claim against Defendant Ahern is untimely and must be dismissed.

at 214. Plaintiff's Second Amended Complaint specifically seeks monetary damage, but also seeks "any and all different and further relief as this Court may deem just, proper, and equitable." (Second Am. Compl. at 10.) Thus, Plaintiff's claims for injunctive relief are not protected by absolute immunity. However, Plaintiff complains that he has been detrimentally affected by the use of this allegedly inaccurate PSR, specifically in his "participation in institutional rehabilitation programs." (Id. ¶ 53.) These claims are more appropriately pursued against the relevant parole or correctional official rather than the presiding probation officer. See Hili, 140 F.3d at 216. Accordingly, Plaintiff fails to state a claim for injunctive relief against Defendant Ahren, and therefore all claims against her are dismissed. See id.

### D.     Defendant Headley

Under 42 U.S.C. § 1983, Plaintiff must allege that a state official acting under color of state law violated his constitutional rights. See Washington v. County of Rockland, 373 F.3d 310, 315 (2d Cir. 2004). Plaintiff claims that Defendant Headley improperly classified him as a sex offender based on inaccurate information contained in the PSR, that Defendant Headley refused to correct this allegedly erroneous classification despite Plaintiff's repeated complaints, and that Plaintiff was damaged as a result. Plaintiff seeks both monetary and injunctive relief against Defendant Headley.

Defendant Headley is entitled to qualified immunity for Plaintiff's claims for monetary damages. "Once qualified immunity is pleaded, plaintiff's complaint will be dismissed unless defendant's alleged conduct violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Williams v. Smith, 781 F.2d 319, 322 (2d Cir.

1986) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  In determining whether a particular right was clearly established, courts in the Second Circuit consider three factors: (1) whether the right in question was defined with reasonable specificity; (2) whether the Supreme Court or the Second Circuit recognize that right; and (3) whether a reasonable defendant would have understood that his or her acts were unlawful under existing law. Anderson v. Recore, 317 F.3d 194, 197 (2d Cir. 2003); Jermosen v. Smith, 945 F.2d 547, 550 (2d Cir. 1991).  Plaintiff alleges that because Defendant Headley failed to correct false information contained in his PSR, Plaintiff was denied work release, placed in a sex offender program, and denied parole.  However, since none of these events violate a clearly established constitutional right, Defendant Headley is entitled to qualified immunity.

The Second Circuit has not recognized that prisoners have a constitutional right to have incorrect information expunged from their files.  LaBounty v. Coombe, No. 99-2318, 2000 WL 287726, at *2 (2d Cir. Mar. 16, 2000).  Plaintiff incorrectly relies on the Fourth Circuit case, Paine v. Baker, 595 F.2d 197 (4th Cir. 1979), and subsequent District Court cases from this Circuit, to assert that he has such a constitutional right.  (See Clerk Doc. No. 68.) However, "this circuit has not followed Paine v. Baker, 595 F.2d 197 (4th Cir. 1979), in recognizing that a prisoner has a constitutional right to have incorrect information relied upon in a parole hearing expunged from his or her file." LaBounty, 2000 WL 287726, at *2.

Plaintiff also claims that he has been denied due process with regard to his application for the work release program and for the denial of his parole.  Plaintiff has no liberty interest in parole and so the protections of the Due Process Clause do not apply.  See Barna v. Travis,

9

239 F.3d 169, 171 (2d Cir. 2001); see also Greenholtz v. Inmates of Neb. Penal Corr. Complex, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"). Similarly, Plaintiff has no constitutional right to work release or any temporary release program. See Lee v. Governor of N.Y., 87 F.3d 55, 58-59 (2d Cir. 1996); see also Romer v. Morgenthau, 119 F. Supp. 2d 346, 358-59 (S.D.N.Y. 2000). Since Plaintiff has no liberty interest whatsoever in either work release or parole, these interests are not clearly established and therefore Defendant Headley is entitled to qualified immunity with respect to these claims.[3]

Plaintiff also asserts that he was wrongly assigned to the sex offender program. Three circuits have held that classification as a sex offender during imprisonment implicates a liberty interest and that prisoners must be afforded due process to dispute such a classification. Chambers v. Colorado, 205 F.3d 1237 (10th Cir. 2000); Kirby v. Siegelman, 195 F.3d 1285 (11th Cir. 1999); Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997). Assuming that Plaintiff has a protected liberty interest in his offender classification, Defendant Headley is nonetheless shielded from liability for damages under qualified immunity. Neither the Second Circuit nor the Supreme Court have recognized this specific liberty interest, and therefore no reasonable

---

[3] Moreover, to the extent that Plaintiff alleges that Defendant Headley failed to correct and knowingly relied on false information ultimately resulting in Plaintiff's denial of parole, such an action is barred by Heck v. Humphrey, 512 U.S. 477 (1994). Heck held that a § 1983 action for damages cannot proceed if a decision in favor of the plaintiff would necessarily invalidate the underlying criminal conviction or sentence. See id. at 486-87. Heck has been held to apply to "suits contesting the rejection of parole release." Lampkin v. N.Y. City Dep't of Probation, No. 00-7165, 2001 WL 210362, at *2 (S.D.N.Y. Mar. 1, 2001) (citation omitted).

prison official would have understood that his or her acts were unlawful under existing law. See Neal, 131 F.3d at 832 (holding that prison officials in a circuit where such a liberty interest had not previously been recognized were entitled to qualified immunity). Thus, the Court cannot say that Defendant Headley's conduct in October 2000 violated clearly established constitutional rights. Accordingly, Plaintiff is not entitled to monetary damages against Defendant Headley.

However, like absolute immunity, qualified immunity does not protect against a suit for injunctive relief. As previously noted, Plaintiff's Second Amended Complaint seeks equitable relief against both Defendants. Defendant Headley advances no argument to support the dismissal of injunctive relief as it pertains to Plaintiff's claim that Defendant Headley's classification of Plaintiff as a sex offender violated his constitutional due process rights. Although the Second Circuit has not expressly determined whether a plaintiff has a constitutional due process right regarding his classification or placement in a sex offender program while incarcerated, and indeed, Plaintiff's claim may be meritless, the Court cannot say that Defendant Headley has demonstrated that Plaintiff fails under Rule 12(b)(6) to state a claim for injunctive relief. See e.g., Bodie v. Morgenthau, 342 F. Supp. 2d 193, 203 (S.D.N.Y. 2004) (finding under similar circumstances that plaintiff stated a claim for injunctive relief to withstand Rule 12(b)(6) motion against Department of Corrections Commissioner that pertained to plaintiff's security classification, transfers and status in the sex offender program). Accordingly, Defendant Headley's Motion on this point is denied.

E.    **Motion for Appointment of Counsel**

The Second Circuit has set out factors for courts to consider in evaluating a pro se plaintiff's motion for the appointment of counsel. Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986). First, the Court must decide whether Plaintiff's claim "seems likely to be of substance." Id. at 61. If Plaintiff meets this threshold requirement, the Court should consider a number of other factors including the complexity of the legal issues and the necessity of cross-examination. Id. at 61-62.

Plaintiff has not met the threshold requirement set by the Second Circuit. The only facts to determine whether this lawsuit is of substance are those portions of the Second Amended Complaint where Plaintiff states the facts surrounding his claim. Where a plaintiff does not provide evidence, as opposed to mere allegations, relating to his claims, he has not met the threshold requirement for the appointment of pro bono counsel. See Harmon v. Runyon, No. 96-6080, 1997 WL 118379, at *1 (S.D.N.Y. Mar. 17, 1997); see also Ruston v. CNY Centro, Inc., No. 98-0378, 1998 WL 238617, at *4 (N.D.N.Y. May 6, 1998).

**CONCLUSION**

Plaintiff's claims against Defendant Ahren fail in their entirety. Plaintiff's claims for monetary relief against Defendant Headley likewise fail. However, Plaintiff has stated a constitutional claim against Defendant Headley for injunctive relief, as it pertains to Defendant Headley's classification of Plaintiff as a sex offender while incarcerated.

The Court reminds Plaintiff that in order to succeed on his claim, he must demonstrate that he has fully exhausted his administrative remedies as required by the PLRA. The Court also notes that Plaintiff has requested to submit evidence to support his claims, and that

Plaintiff may submit such evidence in accord with the Local Rules. Accordingly, based on all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Ahern's Motion to Dismiss (Clerk Doc. No. 62) is **GRANTED**;

2. Defendant Headley's Motion to Dismiss (Clerk Doc. No. 59) is **GRANTED in part and DENIED in part**;

3. Plaintiff's Motion for Appointment of Counsel (Clerk Doc. No. 75) is **DENIED without prejudice**;

4. Plaintiff's Complaint against Defendant Ahren is **DISMISSED with prejudice**;

5. Plaintiff's Complaint against Defendant Headley seeking monetary relief is **DISMISSED with prejudice**;

6. Plaintiff's Letter Request to Submit Evidence (Clerk Doc. No. 79) is **DENIED as moot**, and Plaintiff may submit evidence in conjunction with any future motions as provided by the Local Rules; and

7. The deadline to file dispositive motions is **EXTENDED** from February 28, 2005, to September 30, 2005.

Dated: August 2, 2005

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge
